# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### PARKERSBURG DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                          CRIMINAL ACTION NO. 6:09-cr-00199-02

JAMES LARRY HYMER,

        Defendant.

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion for Judgment of Acquittal or in the Alternative a New Trial [Docket 89], filed on July 23, 2010. The Government filed its Response on August 2, 2010. Defendant's motion is now ripe for adjudication.

*I. BACKGROUND AND PROCEDURAL HISTORY*

On June 29, 2010, Defendant was indicted via superseding indictment on one count of aiding and abetting obstruction of a federal audit in violation of 18 U.S.C. §§ 2 and 1516 (Count One) and one count of obstruction of an official proceeding in violation of 18 U.S.C. § 1512(c)(2) (Count Two).[1] The trial began on July 6, 2010. At the close of the Government's case, counsel for Defendant moved for a judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure. The Court denied that motion and on July 9, 2010, the jury returned a verdict of guilty on both counts. Defendant then timely renewed his motion for a judgment of acquittal and moved for a new trial.

---

[1] Count Two only pertained to the co-defendant, Alan Michael McPeek.

## II. DISCUSSION

*A.     Motion for Judgment of Acquittal*

It is well settled that, when considering a defendant's motion for judgment of acquittal, a court must determine whether, when viewed in the light most favorable to the Government, there is sufficient evidence such that "any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt." *United States v. Wilson*, 118 F.3d 228, 234 (4th Cir. 1997). The Court may not "weigh the evidence or review the credibility of the witnesses," as those functions are left to the jury. *Id.* Rather, in making its determination, the Court "must assume that the jury resolved all contradictions in testimony in favor of the Government." *United States v. United Med. & Surgical Supply Corp.*, 989 F.2d 1390, 1402 (4th Cir. 1993).

Defendant challenges the sufficiency of the evidence to sustain his conviction. Defendants who challenge the sufficiency of the evidence to sustain their conviction "must overcome a heavy burden." *United States v. Hoyte*, 51 F.3d 1239, 1245 (4th Cir. 1995). A court must uphold a jury's verdict if there is substantial evidence to support it. *Glasser v. United States*, 315 U.S. 60, 80 (1942). "[I]n the context of a criminal action, substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996).

In order to convict Defendant of aiding and abetting obstruction of a federal audit in violation of 18 U.S.C. §§ 2 and 1516, the Government was required to prove: 1) that the defendant endeavored to influence, obstruct, or impede a Federal auditor in the performance of official duties; 2) that the Federal auditor was performing official duties related to a person, entity, or program receiving in excess of $100,000, directly or indirectly from the United States in any one year period under a contract or subcontract, grant or cooperative agreement; and 3) that the defendant did so

with the intent to deceive or defraud the United States. The Government could prove Defendant committed this offense as either a principal or as an aider or abetter. *See, e.g.*, *United States v. Rashwan*, 328 F.3d 160, 165 (4th Cir. 2003). Defendant acted as an aider or abettor if: 1) another person actually committed the offense of obstruction of a federal audit; 2) Defendant knew that the offense was to be committed or was being committed; 3) Defendant knowingly did some act to aid the commission of that offense; and 4) Defendant acted with the intention of causing the crime charged to be committed. With respect to the charge of obstruction of an official proceeding in violation of 18 U.S.C. § 1512(c)(2), the Government was required to prove: 1) that Defendant obstructed, influenced, or impeded an official proceeding [or attempted to do so]; 2) that Defendant did so corruptly; and 3) that Defendant knew about the proceeding. *See United States v. Crandle*, 274 F. App'x 324, 327 (4th Cir. 2008) (citing *United States v. Brooks*, 111 F.3d 365, 372 (4th Cir. 1997)).

Viewing the evidence in the light most favorable to the Government, the Court found at the close of the Government's case that the evidence was sufficient to submit the case to the jury. Defendant has not convinced the Court that it was incorrect in so finding.

With regard to Count One, the Government presented evidence that Defendant endeavored to impede a federal auditor when he submitted to Sequelle Communications documents with false financial information. The federal audit was reviewing the use of funds loaned as a part of a contract between the government and Sequelle, for which Defendant's employer, Mentorgen, subcontracted for certain services. Defendant, the Chief Financial Officer of Mentorgen, submitted these documents after federal auditors began reviewing the use of contract funds by Sequelle and Mentorgen and after a meeting Defendant attended where officials of both companies discussed information to be provided to the auditors. The Government presented evidence of an overall

scheme to set up a new company for purposes other than those contemplated under the government loan and to fraudulently pay one of the Sequelle employees, Heidi Laughery, with funds from the government contract, a use of the funds forbidden by the government contract. A rational trier of fact could infer from the Government's evidence that Defendant submitted the false information to cover up the scheme. The evidence showed both that Defendant acted as a principal and an aider and abettor.

Defendant's act of falsifying financial documents aided in the commission of obstruction of the federal audit and also supports conviction of the substantive offense. Contrary to Defendant's principle argument, it is of no moment that Defendant provided the false financial spreadsheets to Sequelle and therefore not directly to the government. *United States v. Grubb*, 11 F.3d 426, 437 (4th Cir. 1993) (The operative word in obstruction charges is "endeavor," the endeavor need not be successful.); *United States v. Mitchell*, 877 F.2d 294 (4th Cir. 1989) (holding that it does not matter what means the defendant employed to carry out the obstruction, what is required for an obstruction charge is whether the defendant had the requisite intent). The jury could rationally have found that he knew that the audit was underway and intended for the information provided to deceive the auditors and hide the true nature of the payments.

Concerning Count Three, the Government presented testimony that Defendant corruptly obstructed a grand jury investigation when he provided false information to law enforcement officers when they were investigating the misappropriation of the federal funds. The Government presented testimony from law enforcement agents that, during the grand jury investigation, Defendant lied about when he learned about the misapplication of the government contract money, about invoices for services that were not performed, and about payments for "consulting" services, among other things. Defendant's knowledge of the proceedings was shown through law enforcement testimony

that Defendant was informed about the grand jury proceeding as a result of the investigation and the interview with Defendant.

The Court found at trial that the Government had presented sufficient evidence to submit the case to the jury on both counts and the Court has not since been persuaded otherwise. Substantial evidence supports the jury's verdict as to each count and the motion for judgment of acquittal will therefore be denied.

B. *Motion for a New Trial*

"Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Where the motion challenges the weight of the evidence, a court has much broader discretion than when ruling on a motion for judgment of acquittal. *United States v. Arrington*, 757 F.2d 1484, 1485 (4th Cir. 1985). Thus, a court is not required to view the evidence in the light most favorable to the Government, and it may assess the credibility of witnesses as it sees fit. *Id.* "When the evidence weighs so heavily against the verdict that it would be unjust to enter judgment, the court should grant a new trial." *Id.*

Defendant argues that the Court erred when it instructed the jury that Defendant could be found guilty of obstruction of a federal audit either as a principal or as an aider or abettor. Defendant argued at the charge conference that the Government did not have the ability to convict by proving Defendant acted as principal or as an aider or abettor.[2] Defendant asserted that because Count One of the Superseding Indictment included the aiding and abetting statute, 18 U.S.C. § 2, in addition to 18 U.S.C. § 1516, that the only way the Government could prove Defendant was guilty of this charge was by proving Defendant was an aider or abettor. The Court denied Defendant's

---

[2] The record of the charge conference is drawn from the court reporter's rough draft of the transcript.

5

request to instruct the jury only as to aiding and abetting with regard to Count One. As stated above, the Government has the ability to prove Defendant committed the offense as either a principal or as an aider or abetter. *Rashwan*, 328 F.3d at 165. Thus, it was appropriate to instruct the jury with regard to both. Therefore, this argument for a new trial has no merit.

Additionally, in considering Defendant's motion, the Court is convinced that the evidence presented supports the jury's verdict. The Court believes that justice does not require Defendant to be granted a new trial.

### *III. CONCLUSION*

Based on the foregoing analysis, the Court **FINDS** that, viewing the evidence in the light most favorable to the Government, a rational trier of fact could find the essential elements of the crimes charged beyond a reasonable doubt and that the interests of justice do not require a new trial in this instance. Thus, Defendant's Motion for Judgment of Acquittal or in the Alternative a New Trial [Docket 89] is **DENIED**. The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: February 14, 2011

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE